UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

COMPANY.COM, LLC,
a Delaware For-Profit Corporation,

CASE NO.:

*Plaintiff,*

v.

CINDI'S RESTAURANT CORP.,
d/b/a CINDI'S NEW YORK
DELI RESTAURANT,
a Texas For-Profit Corporation; and
ANH VO, an individual,
as Personal Guarantor,

*Defendants.*
_____/

## COMPLAINT

**COMES NOW,** Plaintiff, COMPANY.COM, LLC. ("Company" or "Plaintiff"), by and through undersigned counsel, and hereby files this lawsuit against CINDI'S RESTAURANT CORPORATION, a Texas corporation, ("CINDI's" or "Defendant"), and ANH VO, an individual, as personal guarantor, and in support thereof states as follows:

### JURISDICTION, VENUE & PARTIES

1. The Court has jurisdiction pursuant to 28 U.S.C. §1332(1)(a) as this is an action for damages in excess of $75,000.00 exclusive of interest and costs arising from breach of contract by the Defendant CINDI's, and for enforcement of a personal guarantee by Defendant AHN VO, and the parties as citizens of different States.

2. Venue is proper in this District, where substantial part of the events or omissions giving rise to the claims occurred within its boundaries, and in accordance with the venue

1

selection terms agreed upon between the parties.

3. Plaintiff, COMPANY.COM, is a Delaware For-Profit Corporation.

4. Upon information and belief, Defendant, CINDI'S RESTAURANT CORP., d/b/a CINDI'S NEW YORK DELI RESTAURANT, is a Texas For-Profit Corporation.

5. Upon information and belief, Defendant, ANH VO, is a Texas resident and is otherwise *sui juris*.

6. All conditions precedent to bringing this action have occurred, have been performed, or have been waived.

7. Plaintiff has retained the undersigned counsel and is obligated to pay attorneys' fees arising from this action. Plaintiff asks this Court to award such fees, in addition to costs and other expenses as may be available under the terms of the contract, Fla. Stat. §57.105(7), and Florida law.

## BACKGROUND

8. On or about December 4, 2018, Plaintiff and CINDI's executed several agreements for credit card processing services to be deployed at five restaurant locations in Texas.

9. The agreements were effective for an initial three-year term, and the parties agreed that the three-year term would automatically renew unless non-renewal notice was provided no later than 60 days prior to the expiration of the then-current term.

10. Defendant, ANH VO, personally guaranteed CINDI's performance and payment under each of the agreements executed.

11. Plaintiff provided credit card processing services at Plaintiff's Forest location, Campbell location, Downtown location, Midway location, and Central location, until Defendant terminated the services in 2021.

12. Defendant's termination in 2021 entitles Plaintiff to assess and collect an early termination fee ("ETF") for each of the five restaurant locations as provided for in the express terms of the contracts.

13. To date, CINDI's refuses to pay the ETF despite Defendant's clear rights under the contracts.

14. As such, CINDI's and its personal guarantor, AHN VO, are liable for the ETF assessed to each of the five locations, and for expenses (inclusive of attorneys' fees and costs) incurred as a result of Plaintiff's collection efforts.

## COUNT I: BREACH OF CONTRACT

### (Against CINDI'S)

15. Plaintiff hereby re-incorporates and re-alleges paragraphs 1-14.

16. Plaintiff and Defendant entered into valid contracts for credit card processing services at five restaurant locations.

17. Plaintiff provided credit card processing services at Defendant's Forest location, Campbell location, Downtown location, Midway location, and Central location, until Defendant terminated the services.

18. Defendant's termination and failure to pay the ETF's assessed for each of these locations constitute breach of the contracts.

19. Plaintiff has sustained damages as a result of Defendant's breach.

20. Plaintiff and Defendant agreed that Plaintiff is entitled to assess and collect the ETFs for each of the locations, as a liquidated sum calculated based on credit card processing volume.

21. Upon information and belief, based upon the services rendered to CINDI's, the ETF's are: (1) $69,626.16 for the Forest location; (2) $69,683.04 for the Campbell location;

3

(3) $41,356.08 for the Downtown location; (4) $30,674.52 for the Midway location; and (5) $115,966.08 for the Central location.

22. Plaintiff and Defendant agreed that the ETF was not disproportionate to the liabilities or damages that would result from said termination, **and all rights to contest the ETFs were waived**.

23. The ETF for each of the five locations became payable to Plaintiff immediately upon termination of the services **without prior notice**.

**WHEREFORE**, Plaintiff requests that the Court enter a judgment against CINDI's awarding liquidated damages of $327,305.88, plus pre- and post- judgment interest, attorneys' fees and costs, and any such other and further relief as may be available to Plaintiff pursuant to the contract, Fla. Stat. §57.105(7), and Florida law.

### COUNT II – ENFORCEMENT OF PERSONAL GUARANTEE

### (Against Anh Vo)

24. Plaintiff hereby re-incorporates and re-alleges paragraphs 1-23.

25. Upon information and belief, Defendant, AHN VO, is the chief operating officer of CINDI's.

26. Defendant, AHN VO, personally guaranteed CINDI's performance and payment under the contracts executed for all five restaurant locations.

27. CINDI's has failed to perform and make payment under the terms of the contracts as outlined herein.

28. As such, Defendant, AHN VO, is personally liable for the damages incurred by Plaintiff as a result of CINDI's termination of the services for all five restaurant locations.

**WHEREFORE**, Plaintiff requests that the Court enter a judgment against Defendant, AHN

VO, finding her jointly and severally liable for liquidated damages of $327,305.88, plus pre- and post- judgment interest, attorneys' fees and costs, and any such other and further relief as may be available to Plaintiff pursuant to the contract, Fla. Stat. §57.105(7), and Florida law.

Dated: March 22, 2022

**AINSWORTH + CLANCY, PLLC**
801 Brickell Ave., 8th Floor
Miami, Florida 33131
Telephone: 305-600-3816
Facsimile: 305-600-3817

By: */s/ Leidy M. Morejon*
Leidy M. Morejon, Esq.
Florida Bar No. 1019387
Email: leidy@business-esq.com

By: /s/ Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No.: 117650
Email: ryan@business-esq.com
Email: info@business-esq.com